This is a bill filed in the court of equity for the purpose of obtaining a rehearing of the probate of the will of Joseph John Hill, and also praying a discovery of a paper-writing, not proven, purporting to have been the will of said Hill.
The bill states that the complainants, the children of Samuel Thorne, are the next of kin of the deceased, and were infants at the time of probate, and not parties. As to Thorne, it charges that he contested the will, and finally, to compose family disputes, withdrew his opposition, but without prejudice to the rights of his children. It further charges that the paper which has been proven as the will was never intended as such by the deceased, but was written "in fun, and just to be doing." To this bill there is a general demurrer, and it is submitted to this Court to determine whether there be any ground stated in the bill to entitle the complainant's to the assistance prayed for.
We will first premise that whenever the principles of the law by which the ordinary courts are guided tolerate a right, but afford no remedy, or where the law is silent, and interference is necessary to prevent a *Page 26 
(31) wrong, or where the ordinary courts are incompetent to a complete
remedy, a court of equity will afford relief. So, also, in cases where it is essential to a fair trial in the courts of law, a court of equity will lend assistant aid by compelling discovery of matters necessary for that end; and in this respect she acts as the handmaid of the law. But in no instance is it believed a court of equity will interpose where the party applying has a fair and complete remedy at law.
In the present case the proceedings complained of are those of a court of law, and are (if objectionable) either erroneous or irregular. If erroneous, they may be reversed. If irregular, it is competent and within the practice of the courts of law to rehear upon petition, if a proper foundation be laid, as in the case of Stewart's will, decided in this Court.
Without deciding whether the allegations set forth in the bill are sufficient either to reverse or rehear, we are of opinion there is no ground stated in the bill which makes it necessary for the interference of a court of equity. And as it does not appear that the paper sought to be discovered is in the possession of defendant, nor, if discovered, is essential to answer any purpose, we are of opinion the bill should be dismissed, and with costs.
NOTE. — See Glasgow v. Flowers, 2 N.C. 233, and the cases referred to in the note. See, also, Bissell v. Bozman, 17 N.C. 154;Armsworthy v. Cheshire, ibid., 234; Dudley v. Cole, 21 N.C. 429.